IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-371 |
| | § | C.A. No. C-07-46 |
| MIGUEL SANCHEZ-GUERRERO, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Miguel Sanchez-Guerrero's ("Sanchez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which is deemed filed as of December 27, 2006.[1] (D.E. 30.)[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court

---

[1] The Clerk received Sanchez's motion on January 26, 2007. The motion indicates that it was signed, however, on December 27, 2006. (D.E. 30.) That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid); United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). Even utilizing the earlier date, Sanchez's motion is untimely, as discussed herein.

[2] Dockets entries refer to the criminal case, C-03-cr-371.

1

DISMISSES Sanchez's motion because it is time-barred. Additionally, the Court DENIES Sanchez a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

On February 2, 2004, Sanchez pleaded guilty to count one of the indictment against him, which charged him with possession with intent to distribute approximately 4.98 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1, 20, 21.) His plea was pursuant to a written plea agreement that also contained a waiver of his right to appeal and to file any post-conviction motions. (D.E. 21.)[3]

On April 26, 2004, the Court sentenced Sanchez and judgment was entered against him on April 30, 2004. (D.E. 27, 28.) Consistent with his waiver of appellate rights, Sanchez did not pursue a direct appeal.

Sanchez's § 2255 motion is deemed filed as of December 27, 2006. (D.E. 30.) In it, Sanchez asserts a number of different claims of ineffective assistance of counsel, and also raises a claim based on United States v. Booker, 543 U.S. 220 (2005). In addition to his Booker claim, his chief complaint appears to be that his attorney was ineffective for not

---

[3] In addition to being time-barred, then, his motion is also likely barred by his waiver of § 2255 rights. See, e.g., United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).

2

arguing to the Court that his status as a deportable alien entitled him to a downward departure.

Sanchez offers no explanation whatsoever for the fact that he has filed outside the one-year statute of limitations set forth in § 2255.[4] Nonetheless, construing his motion liberally, the Court will interpret his motion as arguing that it should be deemed timely because it relies on a new case, Booker. (D.E. 30 at 3-4) (discussing Booker). As discussed herein, any such argument has been squarely rejected by the Fifth Circuit.

### III. DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d

---

[4] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

3

536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, judgment was entered against Sanchez on April 30, 2004. (D.E. 28.) The period for Sanchez to file a notice of appeal from the judgment against him expired ten days later. Fed. R. App. P. 4(b). As calculated under Rule 26, Fed. R. App. P., the ten-day period excludes intermediate Saturdays, Sundays and legal holidays. So calculated, ten days after April 30, 2004 was May 14, 2004. In this case, Sanchez did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on May 14, 2004. Sanchez's limitations period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on May 14, 2005. Sanchez's motion is deemed filed as of December 27, 2006, more than one year and seven months beyond the deadline as calculated under § 2255(1), and is untimely.

Moreover, to the extent that Sanchez is arguing that his motion should be deemed timely because United States v. Booker, 543 U.S. 220 (2005), was only recently decided, his argument is misplaced. His reliance on Booker does not render his motion timely, for the reasons discussed in Section III.B. infra. He does not offer any other reason or argument as to why his motion should be deemed timely. Additionally, the record discloses no basis for equitable tolling. For all of these reasons, his motion is time-barred, as calculated using § 2255(1).

**B.     Timeliness of Booker claim**

Sanchez's motion could be construed as arguing that his claim pursuant to United

States v. Booker, 543 U.S. 220 (2005) is timely under § 2255(3).  See supra note 4.  That provision would render his claim timely only if Booker applies retroactively to cases already final on direct review when it was decided.  The Fifth Circuit has squarely held, however, that Booker is not retroactive on collateral review.  United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions").  Thus, Booker does not provide a basis for relief to a defendant, such as Sanchez, whose conviction became final before the case was decided.  Gentry, 432 F.3d at 603-04 & n.2.  Its non-retroactivity also means that, while a "new rule," it does not satisfy the other requirements of § 2255(3) in order to render claims based on it timely.[5]   Accordingly, § 2255(3) is inapplicable.  Sanchez's motion is time-barred and this Court cannot consider it.  Sanchez's § 2255 motion is DISMISSED.

## C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Sanchez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine

---

[5] See supra note 4.

whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Sanchez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Sanchez is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Sanchez's motion under 28 U.S.C. § 2255 (D.E. 30)

is DISMISSED WITH PREJUDICE. The Court also DENIES him a Certificate of Appealability.

ORDERED this 9th day of February, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE